00584-20360                                                                    1341765

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SONIA POINCON** <br> **PLAINTIFF** <br><br> **VERSUS** <br><br> **OFFSHORE MARINE CONTRACTORS, INC., ET AL.** <br> **DEFENDANTS** | **CIVIL ACTION NO: 2:18-CV-02748** <br><br> **DISTRICT JUDGE:** <br> **HON. NANNETTE JOLIVETTE BROWN** <br><br> **MAGISTRATE JUDGE:** <br> **HON. DANIEL E. KNOWLES, III** |

## REC MARINE LOGISTICS, LLC'S ANSWER TO COMPLAINT OF PLAINTIFF, SONIA POINCON

**NOW INTO COURT,** through undersigned counsel, comes defendant, REC Marine Logistics, LLC ("REC" or "defendant") and responds to the Complaint filed by Sonia Poincon ("plaintiff"), as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against defendant upon which relief can be granted.

### SECOND DEFENSE

The Complaint is barred by the applicable period of prescription or statute of limitations, or laches.

### THIRD DEFENSE

The Complaint is defective in that it is so vague and ambiguous that defendant cannot reasonably prepare a response.

### FOURTH DEFENSE

And now, without waiving any of the foregoing defenses, REC Marine Logistics, LLC ("REC" or "defendant") responds to the allegations of plaintiff's Complaint categorically and by paragraph as follows:

1.

The allegations contained in Paragraph I of the Complaint contain conclusions of law and do not require a response from REC. Notwithstanding, to the extent necessary, those allegations are denied.

2.

The allegations contained in Paragraph II of the Complaint that are directed to REC are admitted. The remaining allegations of Paragraph II are denied for lack of sufficient information to justify a belief therein.

3.

The allegations contained in Paragraph III of the Complaint are not directed to REC and, therefore, do not require a response from REC. Notwithstanding, to the extent necessary, the allegations contained in Paragraph III of the Complaint are denied for lack of sufficient information to justify a belief therein.

4.

The allegations contained in Paragraph IV of the Complaint are denied for lack of sufficient information to justify a belief therein.

5.

The allegations contained in Paragraph V of the Complaint are not directed to REC and, therefore, do not require a response from REC. Notwithstanding, to the extent necessary, the allegations contained in Paragraph V of the Complaint are denied for lack of sufficient information to justify a belief therein.

6.

The allegations contained in Paragraph VI of the Complaint are not directed to REC and, therefore, do not require a response from REC. Notwithstanding, to the extent necessary, the allegations contained in Paragraph VI of the Complaint are denied for lack of sufficient information to justify a belief therein.

7.

The allegations contained in Paragraph VII of the Complaint are not directed to REC and, therefore, do not require a response from REC. Notwithstanding, to the extent necessary, the allegations contained in Paragraph VII (and subparagraphs) of the Complaint are denied for lack of sufficient information to justify a belief therein.

8.

The allegations contained in Paragraph VIII of the Complaint are not directed to REC and, therefore, do not require a response from REC. Notwithstanding, to the extent necessary, the allegations contained in Paragraph VIII of the Complaint are denied for lack of sufficient information to justify a belief therein.

9.

The allegations contained in Paragraph IX of the Complaint are not directed to REC and, therefore, do not require a response from REC. Notwithstanding, to the extent necessary, the allegations contained in Paragraph IX of the Complaint are denied for lack of sufficient information to justify a belief therein.

10.

The allegations contained in Paragraph X of the Complaint are not directed to REC and, therefore, do not require a response from REC. Notwithstanding, to the extent necessary, the

allegations contained in Paragraph X of the Complaint are denied for lack of sufficient information to justify a belief therein.

11.

The allegations contained in Paragraph XI of the Complaint are not directed to REC and, therefore, do not require a response from REC. Notwithstanding, to the extent necessary, the allegations contained in Paragraph XI of the Complaint are denied for lack of sufficient information to justify a belief therein.

12.

The allegations contained in Paragraph XII of the Complaint are not directed to REC and, therefore, do not require a response from REC. Notwithstanding, to the extent necessary, the allegations contained in Paragraph XII of the Complaint are denied for lack of sufficient information to justify a belief therein.

13.

The allegations contained in Paragraph XIII of the Complaint are denied for lack of sufficient information to justify a belief therein.

14.

The allegations contained in Paragraph XIV of the Complaint that are directed to REC are denied. The remaining allegations of Paragraph XIV are denied for lack of sufficient information to justify a belief therein.

15.

The allegations contained in Paragraph XV of the Complaint that are directed to REC are denied. The remaining allegations of Paragraph XV are denied for lack of sufficient information to justify a belief therein.

16.

The allegations contained in Paragraph XVI of the Complaint that are directed to REC are denied. The remaining allegations of Paragraph XVI are denied for lack of sufficient information to justify a belief therein.

17.

The allegations contained in Paragraph XVII of the Complaint are not directed to REC and, therefore, do not require a response from REC. Notwithstanding, to the extent necessary, the allegations contained in Paragraph XVII of the Complaint are denied for lack of sufficient information to justify a belief therein.

18.

The allegations contained in Paragraph XVIII of the Complaint are denied.

19.

The allegations contained in Paragraph XIX of the Complaint contain a jury demand and, therefore, do not require a response from REC. Notwithstanding, to the extent necessary, those allegations are denied for lack of sufficient information to justify a belief therein.

**FIFTH DEFENSE**

REC denies the allegations of any unnumbered and/or misnumbered paragraphs, any allegations contained in the prayer for relief, and any allegations contained in the Complaint which have not heretofore been specifically addressed.

**SIXTH DEFENSE**

The alleged accident claimed by plaintiff, and any claimed injuries and/or damages (if any), were the result of the fault and/or neglect of plaintiff, the particulars of which will be shown at the

trial of this matter and which fault and/or neglect are pleaded as a bar to and/or in diminution of plaintiff's recovery herein.

## SEVENTH DEFENSE

REC specifically denies that it or anyone for whose actions it is or may be responsible in anyway, caused or contributed to the alleged accident claimed by plaintiff and any injuries, damages and/or losses resulting therefrom (if any); on the contrary, such alleged accident and claimed injuries and/or damages (if any) were caused by the fault and/or neglect of plaintiff and/or persons or parties for whom REC cannot be held responsible.

## EIGHTH DEFENSE

REC denies that the alleged accident claimed by plaintiff, and the claimed injuries and/or damages (if any), were caused or contributed to by any unsafe conditions caused or created by REC, or by any equipment and/or conditions of such equipment and/or over an area, for which REC is or may be responsible.

## NINTH DEFENSE

REC avers that the plaintiff's alleged accident and/or claimed injuries and/or damages (if any) resulting therefrom were not a foreseeable consequence of any act or omission on the part of REC or anyone for whom REC may be held responsible.

## TENTH DEFENSE

REC avers that the plaintiff's alleged accident and any claimed injuries and/or damages resulting therefrom (if any), were the result of the usual and normal risks of plaintiff's occupation and/or were inherent in the activities being performed by plaintiff at the time of the alleged accident, which risks were assumed by plaintiff and which assumption of risk is pleaded as a bar to and/or in diminution of plaintiff's recovery herein.

**ELEVENTH DEFENSE**

REC avers that plaintiff's claimed injuries and/or damages pre-existed and/or are otherwise unrelated to the alleged accident in suit.

**TWELFTH DEFENSE**

REC avers that the plaintiff has failed to mitigate her damages, and thus her recovery herein should be defeated or mitigated.

**THIRTEENTH DEFENSE**

REC is entitled to a set off from any recovery against it to the extent of any and all benefits or monies paid or payable to or on behalf of plaintiff from any sources.

**FOURTEENTH DEFENSE**

REC avers that any negligence for which REC is allegedly responsible, such negligence being specifically denied, was in no way connected with the injuries for which plaintiff seeks recovery.

**FIFTEENTH DEFENSE**

If the plaintiff sustained any illness or injuries, which is specifically denied, then said illness or injury was caused by and/or contributed to and/or aggravated by the negligence of plaintiff or others for whom REC is in no way responsible.

**SIXTEENTH DEFENSE**

In the event REC is found responsible in any way to plaintiff, which is denied, REC avers that it is entitled to have the fault of plaintiff and the fault of any and all other parties and non-parties, quantified and allocated and any amounts found owing to plaintiff by REC be reduced to the extent of such fault.

## SEVENTEENTH DEFENSE

REC avers that plaintiff's damages arose as the result of a pre-existing and/or subsequently developed physical and/or mental condition which were neither caused nor aggravated by any act or omission by REC, thus barring or mitigating any recovery by plaintiff herein.

## EIGHTEENTH DEFENSE

REC specifically alleges that plaintiff is not a Jones Act seaman as that term is defined under the Jones Act and the laws of the United States of America.

## NINETEENTH DEFENSE

REC avers that the plaintiff was not in the course and scope of employment or in the service of a vessel at the time of the events complained of and therefore plaintiff can have and make no recovery herein.

## TWENTIETH DEFENSE

REC avers that any damages allegedly sustained by Plaintiff were the result of intervening and/or superseding acts and/or causes which were the proximate and/or sole causes of those alleged damages, and for which REC or any other person, party, or entity for which REC would be responsible, was not responsible.

## TWENTY-FIRST DEFENSE

In the alternative, subject to and without waiving the foregoing, REC specifically contends that REC had no duty to provide Plaintiff with a seaworthy vessel, and/or that such vessel was seaworthy in all manners and/or that REC provided Plaintiff with a seaworthy vessel.

## TWENTY-SECOND DEFENSE

REC avers that Plaintiff is not qualified for maintenance and cure benefits under the U.S. Fifth Circuit's decision in *McCorpen v. Cent. Gulf S.S. Corp.*, 396 F.2d 547 (5th Cir. 1968).

## TWENTY-THIRD DEFENSE

Further in the alternative, REC avers that Plaintiff' injuries, if any, resulted from a condition that was open and obvious to Plaintiff.

## TWENTY-FOURTH DEFENSE

If the plaintiff sustained any illness or injuries, which is specifically denied, then said illness or injury was caused by and/or contributed to and/or aggravated by the negligence of plaintiff or others for whom defendant is in no way responsible. Specifically, defendant alleges and avers that others for whom defendant was in no way responsible, were negligent, or at fault in the following particulars, but not limited thereto:

1. Failure to maintain a proper lookout;

2. Failure to see what he should have seen under the prevailing circumstance;

3. Failure to exercise reasonable care;

4. Failure to take proper precaution to avoid the alleged accident;

5. Failure to utilize safety measures available and/or instructions to prevent the accident; and

6. Any and all acts of negligence and/or assumptions of risk which will be proved at trial.

## TWENTY-FIFTH DEFENSE

In the further alternative, REC specifically alleges and avers that any damages allegedly sustained by the plaintiff were due to a fortuitous event, an Act of God, or *force majeure* or other circumstances beyond REC's control or the responsibility of REC and were not proximately caused by any acts or omissions on the part of this defendant or any other person, party or entity for whom it would be responsible.

## TWENTY-SIXTH DEFENSE

In the alternative, REC avers that any and all injuries allegedly sustained by plaintiff, and any other potential claimants, occurred without its privity or knowledge and that the amount of damages sued for by the plaintiff exceeds the value of defendant's interest in any vessel. Accordingly, defendant invokes the benefit of provisions of the United States Code, Revised Statutes of the United States of America and all acts amended thereof and supplement thereto in limitation of the liability of ship owners, and in particular, the ship owners limitation of liability, 46 U.S.C. § 30501, *et seq*.

## TWENTY-SEVENTH DEFENSE

REC reserves its right to supplement, amend, or modify it affirmative defenses and answers to conform to such facts as may be revealed in discovery or otherwise.

## JURY DEMAND

REC hereby demands a trial by jury.

**WHEREFORE,** the premises considered, defendant, REC Marine Logistics, LLC, prays that its Answer be deemed good and sufficient and, that after due proceedings be had, there be judgment herein in favor of defendant, REC Marine Logistics, LLC and against plaintiff, Sonia Poincon, dismissing her Complaint, at plaintiff's costs, and that defendant, REC Marine Logistics, LLC be granted such other and further relief as equity and the justice of the cause may require and permit.

Respectfully submitted:

*/s/ Salvador J. Pusateri*
Salvador J. Pusateri T.A. (#21036)
Michael H. Rodrigue, Jr. (#31306)
PUSATERI, JOHNSTON, GUILLOT & GREENBAUM
1100 Poydras Street
Energy Centre – Suite 2250
New Orleans, Louisiana 70163
Telephone: (504) 620-2500
Facsimile: (504) 620-2510
Salvador.Pusateri@pjgglaw.com
Michael.Rodrigue@pjgglaw.com
ATTORNEYS FOR REC MARINE LOGISTICS, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of May, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to those who are on the list to receive e-mail notices for this case, have enrolled in this Court's CM/ECF program and otherwise consented to receive notice and service via CM/ECF. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

*/s/ Salvador J. Pusateri*