UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SONIA POINCON | CIVIL ACTION |
| VERSUS | NO. 18-2748 |
| OFFSHORE MARINE CONTRACTORS, INC., REC MARINE LOGISTICS, LLC and UNITED COMMUNITY BANK | SECTION: M (3) |

**<u>ORDER & REASONS</u>**

Before the Court is the motion[1] of defendant, United Community Bank ("UCB"), to sever the claims arising out of the two incidents involving plaintiff, Sonia Poincon ("Poincon"), that are alleged in her complaint.[2] Poincon opposes the motion to sever.[3] UCB filed a reply in support of the motion,[4] to which Poincon responded with a surreply in opposition to the motion.[5] Having considered the parties' memoranda and the applicable law, the Court issues this Order & Reasons.

**I.    BACKGROUND**

This suit involves maritime claims by a Jones Act seafarer and cook arising out of two separate and distinct incidents resulting in personal injuries. According to Poincon's complaint, the first incident occurred in May 2015, while Poincon was employed by defendant Offshore Marine Contractors, Inc. ("OMC") on the M/V Louis J. Eymard (the "Eymard"), a vessel owned by UCB.[6] Poincon alleges that a tug and barge owned and operated by defendant REC Marine

---

[1] R. Doc. 22.
[2] R. Doc. 1.
[3] R. Doc. 26.
[4] R. Doc. 29.
[5] R. Doc. 36.
[6] R. Doc. 1 at 2.

Logistics, LLC ("REC") collided with the Eymard, resulting in injuries to Poincon's neck and back.[7] Poincon's claims for this first incident are directed against REC, OMC and UCB.[8]

Poincon alleges that the second incident occurred in February 2018, nearly three years later, while Poincon was employed by OMC on the M/V Toby Dodd, a vessel OMC owned.[9] Poincon alleges further that she injured her neck and back when attempting to break through ice that had accumulated in the vessel's freezer.[10] Poincon's claims for this second incident are directed against only OMC.[11]

Poincon filed this lawsuit on March 14, 2018. On May 16, 2018, OMC answered and crossclaimed against UCB, seeking defense and indemnity for the first incident pursuant to a vessel boarding agreement ("VBA").[12] OMC did not crossclaim against UCB with regard to the second incident.

## II. PENDING MOTION

Pursuant to Rule 21 of the Federal Rules of Civil Procedure, UCB moves to sever the claims arising out of Poincon's first incident from the claims arising out of Poincon's second incident, so that each incident can be litigated separately. UCB urges that "[b]ecause [Poincon's] two accidents are two separate incidents that occurred on different vessels, with different witnesses, at different times, and under different circumstances, these claims should be severed to prevent prejudice and promote judicial economy."[13] UCB places particular emphasis upon OMC's crossclaim, arguing that it "highlights the separate and disparate nature of [Poincon's] two accidents" and "gives rise to inherent conflicts and perverse incentives if claims arising out of

---

[7] R. Doc. 1 at 3.
[8] R. Doc. 1 at 2-3.
[9] R. Doc. 1 at 3.
[10] *Id.*
[11] *Id.*
[12] R. Doc. 10 at 6-9.
[13] R. Doc. 22 at 1.

[Poincon's] two accidents are allowed to proceed in the same lawsuit."[14] UCB also urges that severance is warranted to reduce jury confusion and to enhance fairness and equity.[15]

## III. LAW & ANALYSIS

### a. Rule 21 Standard[16]

Rule 21 of the Federal Rules of Civil Procedure provides:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. ***The court may also sever any claim against a party***.

Fed. R. Civ. P. 21 (emphasis added). Under Rule 21, a "district court has the discretion to sever an action if it is misjoined or might otherwise cause delay or prejudice." *Applewhite v. Reichhold Chems., Inc.*, 67 F.3d 571, 574 (5th Cir. 1995). Despite the permissive nature of joinder, a district court has broad discretion in deciding whether to sever any claim against a party pursuant to Rule 21. *See Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994); *United States v. O'Neil*, 709 F.2d 361, 367 (5th Cir. 1983). The Fifth Circuit has described the effect of severance as follows:

> Severance under Rule 21 creates two separate actions or suits where previously there was but one. Where a single claim is severed out of a suit, it proceeds as a discre[te], independent action, and a court may render a final, appealable judgment in either one of the resulting two actions notwithstanding the continued existence of unresolved claims in the other.

---

[14] R. Doc. 22 at 2.
[15] *Id.*
[16] At the outset, the Court must deal with UCB's apparent contention that Poincon "has improperly joined claims and parties under Rules 18 and 20 of the Federal Rules of Civil Procedure." R. Doc. 22-1 at 1. Rule 18 provides in relevant part that "[a] party asserting a claim … may join, as independent or alternative, claims, ***as many claims as it has against an opposing party***." Fed. R. Civ. P. 18(a) (emphasis added). According to the 1966 Advisory Committee Notes to the rule, a "liberal policy regarding joinder of claims" undergirds Rule 18, although the rule "is intended to have its primary application during the pleading stage." 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1582, at 696 (3d ed. 2018). Thus, in bringing her complaint, Poincon was able to join in a single lawsuit as many claims as she had against OCM arising from the two incidents. However, this is not the end of the inquiry, since, as is discussed below, the Court must also consider the various factors the Fifth Circuit has developed to determine whether severance is warranted, including the specific factors enumerated in Rule 20.

*O'Neil*, 709 F.2d at 368; *see also Allied Elevator, Inc. v. E. Tex. State Bank*, 965 F.2d 34, 36 (5th Cir. 1992) (quoting *O'Neil*, 709 F.2d at 368).

Because Rule 21 does not itself set out a standard for its application, courts have generally looked to Rule 20 of the Federal Rules of Civil Procedure for guidance as to whether severance is proper under Rule 21. *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010). Rule 20 reads in relevant part:

> Persons … may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Courts have construed Rule 20(a) as establishing a two-part test, both parts of which are required for joinder to be permitted. *Applewhite*, 67 F.3d at 574 n.11. First, claims brought against defendants to be joined must stem from the same transaction or occurrence, and, second, they must share a common question of law or fact. *Acevedo*, 600 F.3d at 521; *Celestine v. Waste Connections of La., Inc.*, 2018 WL 354293, at *1 (E.D. La. Jan. 10, 2018).

Even where both prongs of the Rule 20 test are satisfied, "district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness." *Acevedo*, 600 F.3d at 521 (citations omitted). Thus, a plaintiff does not have the unlimited right to join claims against unrelated defendants, because the Rules only permit "the broadest possible scope of action ***consistent with fairness to the parties***." *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966) (emphasis added); *see also Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that

4

requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions.").

District courts in the Fifth Circuit have distilled the foregoing principles into a five-factor test for severing a claim under Rule 21, which includes the following factors:

> (1) whether the claim arose out of the same transaction or occurrence; (2) whether the claims present common questions of law or fact; (3) whether settlement or judicial economy would be promoted; (4) whether prejudice would be averted by severance; and, (5) whether different witnesses and documentary proof are required for separate claims.

*E. Cornell Malone Corp. v. Sisters of the Holy Family*, 922 F. Supp. 2d 550, 561 (E.D. La. 2013); *see also In re Rolls Royce Corp.*, 775 F.3d 671, 675 n.6 (5th Cir. 2014) (listing same five factors); *County of Travis v. Purdue Pharma, LP*, 2018 WL 1518848, at *3 (W.D. Tex. Mar. 28, 2018) (same); *Beck v. Access Eforms, LP*, 2018 WL 295414, at *6 (E.D. Tex. Jan. 4, 2018) (same); *Melancon v. Town of Sorrento*, 2015 WL 410866, at *5 (M.D. La. Jan. 29, 2015) (same); *Vaz v. Allstate Prop. & Cas. Co.*, 2006 WL 2583733, at *1 (S.D. Miss. Sept. 6, 2006) (same).

**b. Analysis**

An examination of the five factors under the Fifth Circuit's Rule 21 test demonstrates that a severance of Poincon's claims is warranted.

"Transactions or occurrences satisfy the series of transactions or occurrences requirement of Rule 20(a) if there is some connection or logical relationship between the various transactions or occurrences." *Americans for Fair Patent Use, LLC v. Sprint Nextel Corp.*, 2011 WL 98279, at *3 (E.D. Tex. Jan. 12, 2011). A relationship between transactions or occurrences is "logical" if there is some common nucleus of operative facts or law. *Hanley v. First Investors Corp.*, 151 F.R.D. 76, 79 (E.D. Tex. 1993). There is no strict rule for determining what constitutes the same transaction or occurrence. *Guedry v. Marino*, 164 F.R.D. 181, 184 (E.D. La. 1995) (citing *Mosley*

*v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)); *Corkern v. Hammond City*, 2012 WL 2597561, at *2 (E.D. La. July 5, 2012) ("transaction or occurrence" requirement is not a rigid test under joinder rules). "Furthermore, Rule 20(a) does not require that every question of law or fact in the action be common among the parties; rather, the rule permits party joinder whenever there will be at least one common question of law or fact." *Guedry*, 164 F.R.D. at 184.

Here, the two incidents did not arise from the same transaction or occurrence or series of transactions or occurrences. Rather, each incident involved different parties (except for OCM) and occurred in different places and at different times. The first incident occurred in May of 2015, with the alleged injuries to Poincon resulting when a tug and tow collided with the vessel on which she was working. The second incident occurred in February of 2018, almost three years after the first incident, with the alleged injuries to Poincon resulting from work removing ice from the freezer of an entirely different vessel on which she was then working. The only commonalities were Poincon's employment by OMC and the alleged injuries to her neck and back in both instances. But these limited facts, though shared, are not enough to overcome the reality that there exist no common questions of fact concerning the *liability* of the distinct sets of defendants involved in the two incidents. Instead, separate evidence must be presented with respect to each incident. After all, the incidents themselves are completely different, one involving a vessel collision or allision, and the other a slip and fall. In light of this overarching difference in the essential character of the incidents, the liability of the defendants involved in each incident would have to be considered separately, as a practical matter, even if the claims were tried together. The difficulty of doing so should be avoided.[17]

---

[17] The case upon which Poincon relies, *Guedry v. Marino*, 164 F.R.D. 181 (E.D. La. 1995), is distinguishable because the actionable wrong there – a denial of deputies' commissions – arose out of the same actions of a single defendant sheriff. Here, the actionable conduct was wholly separate and involved two distinct settings and sets of defendants (albeit one defendant was common).

Poincon argues that the injuries she sustained in the first incident are reasonably related to the injuries she sustained in the second incident, since both incidents allegedly resulted in injury to the same parts of her body (neck and back). Courts have repeatedly rejected similar arguments in cases where plaintiffs have not demonstrated the existence of common questions of law or fact on liability, under the rationale that "juries are routinely asked to make distinctions between current and preexisting injuries, and the similar[ity of the] injuries was not a sufficient basis for joinder." *Garcia v. Brock-Weinstein*, 2014 WL 2957487, at *3 (E.D. Pa. July 1, 2014) (court severed claims for two separate automobile accidents occurring 15 months apart in different locations, even though injuries sustained in first accident were said to be aggravated by the second accident). In arriving at this conclusion, the *Garcia* court discussed similar results reached in other federal and states cases involving successive car accidents. *Id.* (discussing *Beaulieu v. Concord Groups Ins. Co.*, 208 F.R.D. 478 (D.N.H. 2002); *Gruening v. Sucic*, 89 F.R.D. 573 (E.D. Pa. 1981); *Kalker v. Moyer*, 921 A.2d 21 (Pa. Super. 2007)).

Notably, the *Garcia* court observed that the courts in these other car-accident cases emphasized that "there was no allegation [in regard to the accidents] that the defendants acted in concert." *Id.* Similarly, Poincon makes no allegation here that the defendants as to the first incident (UCB, OMC and REC) acted in any way in concert with the defendant to the second incident (OMC) as would connect the two incidents. Even as to OMC, Poincon's employer in both instances, there is no allegation of actionable conduct on the part of OMC common to both incidents. In other words, there is no allegation that OMC's conduct was part of a pattern. In any event, it is hard to imagine how there could be any such allegation given the wholly distinct origin and nature of the claims (that is, a vessel collision/allision resulting in a personal injury, on the one hand, and a traditional slip and fall, on the other). Thus, there is no common nucleus of operative

7

facts as would create a logical relationship between the two incidents apart from OMC's employment of Poincon on two different vessels, separated by three years, involving two different sets of parties, with different circumstances giving rise to the alleged personal injuries. Although Poincon may have sustained similar (or aggravating) injuries in the two incidents, that is not a sufficient basis for joinder under Rule 20(a). The incidents occurred at different times, in different places, involved different sets of defendants, and consequently, share no common nucleus of operative facts or law.

In addition, the alleged misconduct in the first incident will have no legal effect on the alleged misconduct in the second incident. Poincon argues that "the claims … do not involve significantly different legal concepts" because both sets of "claims are based on the Jones Act and general maritime law."[18] However, as UCB points out, significant legal issues are raised by the claims concerning the first incident (namely, presumptions under admiralty law that apply in cases involving vessel collisions or allisions; and the role of OMC as the non-vessel owning employer seeking defense and indemnity from the vessel-owning UCB) that will not need to be addressed in adjudicating the second incident, and significant legal issues are raised by the claims concerning the second incident (namely, negligence in slip-and-fall cases, and the role of OMC as both vessel owner and employer) that need not be addressed in adjudicating the first incident.[19]

Severing the claims will help to focus and organize the tasks of trial preparation and trial around the particular incidents, avoiding any party's involvement in discovery unrelated to the claims it must defend,[20] eliminating the risk of jury confusion and of conflating or

---

[18] R. Doc. 26 at 7.
[19] R. Doc. 22-1 at 10.
[20] Poincon rightly recognizes that "evidence of her earnings history, employment history, future vocational potential, work performance as a seafarer for OMC, as well as evidence of her medical history, medical treatment, and past and future medical needs" are common to both incidents. R. Doc. 26 at 10. UCB agrees to at least some extent. R. Doc. 22-1 at 12. The Court encourages the parties to cooperate in the medical and vocational discovery common to both cases so as to conserve limited litigant resources.

overcomplicating the facts and legal issues, and reducing the risk of any prejudice or conflict in counsel's advocacy of their clients' respective positions. *See Demboski v. CSX Transp., Inc.*, 157 F.R.D. 28, 30 (S.D. Miss. 1994) ("[T]he burden imposed on the Defendant to defend four substantially different sets of facts and law in only one forum far outweighs any practical benefits that might accrue to the parties and the Court in the conservation of judicial, prosecutorial, and defensive resources."). The evidence of liability for each incident will require different witnesses and documentary proof, which also weighs in favor of severance. *Acevedo*, 600 F.3d at 522.

Therefore, the claims that Poincon alleged regarding the first incident should be severed from those regarding the second incident, and the Court exercises its broad discretion to do so.

## IV. CONCLUSION

For the foregoing reasons, the motion to sever is granted.[21] The Clerk of Court shall sever this case into two actions. The first case will include defendants UCB, OMC and REC, and the claims alleged regarding the May 2015 incident. The second case will include defendant OMC only and the claims related to the February 2018 incident.

Accordingly, IT IS ORDERED that UCB's motion to sever is GRANTED;

IT IS FURTHER ORDERED that the Clerk of Court is to open a separate civil action captioned *Sonia Poincon v. Offshore Marine Contractors, Inc.* This new case should be assigned to the docket of Section M. The Complaint in the captioned case (R. Doc. 1) should be filed as the initial pleading in the new action as well as remaining the initial pleading in the captioned case.

---

[21] A district court also has discretion to sever claims under Federal Rule of Civil Procedure 42(b) in the interest of convenience or economy or to prevent prejudice. *Applewhite*, 67 F.3d at 574. This Court considers Rule 42(b) to be an alternative ground for the severance.

9

New Orleans, Louisiana, this 31st day of October, 2018.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE